Dear Mr. Hawkins:
You have asked this office to advise you whether state law prohibits one from holding employment as a police officer and also serving as a member of a municipal planning commission.
The position of municipal police officer is considered full-time employment with a political subdivision of the state; the position of municipal planning commission member is a part-time local appointive office. See R.S. 42:62 and definitions therein.
R.S. 42:63E prohibits the holding of the referenced positions if both are held on a full-time basis. Since one position is part-time, the prohibition is inapplicable.
Further, we find that R.S. 33:103C, pertaining to parish and municipal planning commissions, does not prohibit this arrangement. The statute pertinently provides:
 C. (1) All members of a commission, whether a parish or a municipal planning commission, shall serve without compensation, except as otherwise provided by this Paragraph or as otherwise provided by law, and shall hold no other public office, except they may also serve as members of any duly constituted regional commission of which their parish or municipality forms a part.
Because the position of police officer is an employment and not a public office[1], a member of the municipal planning commission could legally continue in the mentioned employment.
Finally, we enclose Attorney General Opinion 91-549, in which the author reached a similar conclusion.
We hope the foregoing is helpful to you. Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ______________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] R.S. 42:1 defines "public office" as "any state, district, parish or municipal office, elective or appointive, or any position as member on a board or commission, elective or appointive, when the office or position is established by the constitution or laws of this state `public office' is any person holding a public office in this state."
OPINION NUMBER 91-549
October 7, 1991
78 DUAL OFFICE HOLDING R.S. 33:103, R.S. 42:62, R.S. 42:63, R.S. 42:64
Dept. of Public Safety and Corrections employee may serve on local planning commission.
Honorable Jerry A. Thomas State Representative 200 Alabama Avenue Bogalusa, LA 70427
Dear Representative Thomas:
You have requested an opinion of this office as to whether Louisiana's dual office-holding laws prohibit a person from simultaneously holding the position of correctional security officer (GS 10), a classified civil service position with the Louisiana Department of Safety and Corrections, and the position of commission member of either a parish or municipal planning commission.
The position of correctional security officer is a full-time employment in the executive branch of state government, and the position of local planning commission member is a part-time local appointive office. (R.S.42:62)
R.S. 42:63E makes it clear that a person holding a full-time employment of the state may simultaneously hold a part-time local appointive office. Furthermore, we find that the incompatibility provisions contained in R.S. 42:64 would not bar any individual from simultaneously holding the above-mentioned position. Finally, R.S. 33:103 provides that a planning commission member ". . . shall hold no other public office."
Because the position with the state is an employment and not a public office, we conclude that the provisions of Section 103 are not a bar to the holding of the position mentioned.
Trusting this answers your question, I remain,
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: KENNETH C. DEJEAN First Assistant Attorney General
KCD:jv
Date Released: July 17, 2002